**DIAMOND CLUB, doing business as Yesterday's; Jennie Krynzel, Plaintiffs–Appellants,**

**v.**

**INSURANCE COMPANY OF NORTH AMERICA, Defendant–Appellee.**

No. 91–3277.

United States Court of Appeals, Sixth Circuit.

Decided Jan. 28, 1993.

Michael L. Tucker (briefed), Hall, Tucker & Fullenkamp, Dwight D. Brannon, Brannon, Gianuglou, Dankof & Caras, Dayton, OH, for plaintiffs-appellants.

Marvin L. Karp (briefed), Ulmer & Berne, Cleveland, OH, Robert P. Bartlett, Jr. (briefed), Coolidge, Wall, Womsley & Lombard, Dayton, OH, for defendant-appellee.

Before: MILBURN and NELSON, Circuit Judges; and HOOD, District Judge.*

## ORDER

This appeal turns on a question of Ohio law. Finding no controlling Ohio precedent, we certified the state law question to the Supreme Court of Ohio pursuant to Rule XVI of the Supreme Court's Rules of Practice.

Because he had already addressed the state law question in a brief filed in our court, and acting on oral advice received from someone in the office of the Clerk of the Ohio Supreme Court, the lawyer for the appellants concluded—erroneously—that it would not be necessary for him to file a new brief in the Supreme Court. No brief having been filed within the time prescribed by its rules, the Supreme Court dismissed the cause *sua sponte* for want of prosecution. A subsequent motion for reconsideration of the dismissal was denied.

We then entered an order directing the appellants to show cause why sanctions should not be imposed against them here. Our order did not specify the sanctions being considered, but dismissal of the appeal was an obvious possibility.

█ Briefs and an affidavit were timely filed in response to our show cause order, and the matter is now before us for decision. For the reasons that follow, we shall discharge the show cause order without imposing sanctions. In announcing our decision, we caution the bar of this circuit that failure to comply with state rules on certification matters in future may lead not only to dismissal in state court, but to dismissal in this court as well.

## I

The plaintiffs in this case, a corporation and its sole stockholder, brought a state common pleas court action against the defendant insurance company for money that the insurance company was allegedly obligated to pay under a fire insurance contract. The action was removed by the defendant to federal district court on the basis of diversity of citizenship and the amount in controversy.

The insurance company asserted an arson defense predicated on the hypothesis that the fire had been set by the individual plaintiff's son, who was vice-president of the corporate plaintiff and manager of the corporation's business. The district court eventually found the defense meritorious and entered judgment in favor of the insurance company. The plaintiffs then perfected an appeal to this court.

After the issues had been fully briefed, but before oral argument, we entered an order stating the facts of the case in detail and certifying the following question to the Supreme Court of Ohio:

"To what extent are the incendiary or material concealment actions of an officer of a closely held corporation imputed to the corporation so as to preclude the corporation's recovery under a policy of fire insurance in which it is the insured?"

Rule XVI of the Ohio Supreme Court Rules of Practice, which became effective in July of 1990, gives the Supreme Court discretion to answer questions of law certified to it by federal courts; the Supreme Court is free, in the exercise of its discretion, to decline to answer any or all of the questions certified to it. See Rule XVI, §§ 1 and 9. Section 5 of Rule XVI provides that the Supreme Court "may require the original or copies of all or any portion of any record before the certifying court." Section 7(A) provides in pertinent part that "[t]he brief of the party designated by the certifying court as the moving party [here the appellants] shall be filed and served within twenty days of the filing with the Supreme Court of the certification order."

In the instant case, as we have said, the plaintiff-appellants failed to file the brief called for by § 7(A). The appellants' lawyer had not previously had a matter certified to the Ohio Supreme Court, the certification procedure having been in effect for

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

less than two years and only a handful of cases having been certified during that time. The lawyer reviewed Rule XVI, which clearly says that a brief "shall" be filed and served within twenty days, but in light of the extensive briefing that had already been completed, and given the comprehensive statement of the case in our certification order, the lawyer evidently felt that another brief would be superfluous. He therefore had his secretary call the office of the Clerk of the Supreme Court to ask if another brief really had to be filed. The secretary was told, according to her sworn affidavit, that the filing of another brief was not mandatory and that the Supreme Court would consider the certification. The secretary relayed this information to the lawyer, who took no further action until after the Supreme Court had dismissed the cause for want of prosecution.

## II

Because § 5 of Rule XVI gives the Ohio Supreme Court access to all or any portion of the record (including the briefs) filed in our court, the plaintiff-appellants' lawyer knew that the brief he had already filed here was available to the Supreme Court. The lawyer had nothing of substance to add to what had been said in that brief, and we can understand why it might have seemed logical to him to ask whether it would be necessary to file a new brief even if he had nothing new to say. Given the wording of § 7(A), however, we have some difficulty in understanding why the lawyer should have thought it unnecessary to take even the minimal precaution of sending the Supreme Court written confirmation of his understanding that a new brief would not be necessary, or of moving to have the federal court brief accepted as the brief called for by § 7(A).[1]

In his response to our show cause order, the lawyer acknowledges that he made a mistake and apologizes for it. He accepts personal responsibility for what happened, disclaims any intent to circumvent the certification, and urges us not to penalize his clients for a mistake that was his alone.

We are satisfied that there was no deliberate attempt to avoid having the state court decide the dispositive question of state law. The plaintiffs chose to file their case in state court, after all; the choice of the federal forum was the defendant's, not theirs. The plaintiffs' lawyer made an honest mistake, in our view. The publication of this order will doubtless embarrass the plaintiffs' lawyer, and we hope that it will forestall such mistakes by other lawyers in the future.

There can be no assurance that severe sanctions will not henceforth be visited on any party whose counsel fails to heed the warning we now give. One member of the present panel believes that the mistake committed here was egregious enough to justify our dismissing the appeal, and a similar view might be taken by more than one judge if a problem of this sort should arise again.

Under the circumstances of this particular case, a majority of the panel concludes that the imposition of such a severe sanction as dismissal of the appeal is not necessary. We realize that lawyers have not yet had much occasion to see how Rule XVI operates in practice, and we are confident that the appellants' lawyer, at least, will not misread the rule again. We recognize, too, that the Ohio Supreme Court need not answer any question certified to it by a federal court; final judgments of the federal district courts, on the other hand, are appealable to the federal courts of appeals as of right. That being so, and given the situation we have described, we are reluctant to deprive the appellants of any opportunity to obtain an adjudication of the merits of their appeal.

---

1. In the light of hindsight, of course, it is clear that whatever the Supreme Court Clerk's office may have said, the only prudent course would have been to file a new brief within the time prescribed by § 7(A). With the miracle of modern word processing, one supposes, reincarnation of the federal court brief as an Ohio Supreme Court brief would not have entailed any great burden.

The order to show cause is hereby DISCHARGED. The clerk will set the case for oral argument on the merits.

MILBURN, Circuit Judge, dissenting.

I respectfully disagree with the majority of this panel in its decision to discharge our order to show cause why this appeal should not be dismissed without imposing any sanctions. I would dismiss the appeal for plaintiffs' failure to prosecute.

The facts are accurately stated by the majority in the order discharging the show cause order except that a material circumstance is omitted. After the Supreme Court of Ohio dismissed the certified question for plaintiffs' failure to file the necessary brief, counsel for plaintiffs petitioned that court to reconsider its dismissal for failure to prosecute and urged before it those same excuses he now makes to us. The Supreme Court of Ohio rejected those excuses, and so should we.

Section 7 of Rule XVI, Ohio Supreme Court Rules of Practice, unequivocally states that briefs *shall* be filed within twenty days of the filing of the certification order. Counsel admits reading this rule; however, rather than filing a brief as the rule commands, he instructed his secretary to telephone the clerk of the Supreme Court of Ohio for some clarification of the rules. When informed by his secretary that an unidentified person in the clerk's office had advised her that no brief was necessary, counsel took no further action. To ignore the Supreme Court of Ohio's rule by virtue of a secretary's telephone call to a clerk is, to me, not only irresponsible but unexcusable neglect on the part of plaintiffs' counsel.

As a result of the Supreme Court of Ohio's dismissal of the certification for want of prosecution, this court has been thwarted in its efforts to obtain the answer to a question of Ohio law which we thought would have been determinative of plaintiffs' claims. Accordingly, pursuant to Rule 3(a) of the Rules of Appellate Procedure, I would dismiss this appeal for plaintiffs' failure to prosecute. In this connection, see also Rule 31(c) of the Rules of Appellate Procedure and Rule 15.8 of the Internal Operating Procedures of the Sixth Circuit (June 12, 1991).