# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 14, 2006

130190

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

IN RE CERTIFIED QUESTION FROM THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____/

PAUL VELIZ, et al,
        Plaintiffs,

and

DAVID A. ABNEY, et al,
        Plaintiffs-Appellants,

v

CINTAS CORPORATION, et al,
        Defendants-Appellees.
_____/

SC: 130190
CA-9: 04-16843
ND Cal: CV-03-1180-SBA

On order of the Court, the question certified by the United States Court of Appeals for the Ninth Circuit is considered, and the Court respectfully declines the request to answer the certified question.

YOUNG, J., concurs and states as follows:

I concur in the Court's decision to decline the request of the United States Court of Appeals for the Ninth Circuit to answer its question concerning our Minimum Wage Law, MCL 408.381 *et seq*.

I have previously expostulated at length concerning why I believe that this Court lacks the constitutional authority to provide such "advisory opinions" to the federal courts. See *In re Certified Question* (*Melson* v *Prime Ins Syndicate, Inc*), 472 Mich 1225 (2005) (Young, J., concurring). While I rely on all the reasons I have laboriously, but thus far unpersuasively, stated previously on the question of our lack of authority, I write here to note, not only does this Court lack constitutional authority to provide an "advisory lesson on Michigan law" for the Ninth Circuit, but that the parties who sought

certification by the Ninth Circuit have failed even to bother to comply with the requirements of MCR 7.305(B). That rule outlines procedures by which a federal court may seek such gratuitous advice from this Court. The parties apparently have so little regard for *our* procedures that they failed to follow (or ignored) the obligation of our rule to file conforming briefs and a joint appendix with this Court (MCR 7.305[B][3]).

Admittedly, these are "mere" procedures that impede the march to provide a federal court a didactic exegesis on our law. However, failure to abide by the controlling rules of the state court concerning certified questions has been a sufficient basis for other state courts to decline a federal court's request to answer a certified question. See *Diamond Club v Ins Co of North America*, 984 F2d 746, 747-748, (CA 6, 1993) (Ohio Supreme Court refused to answer a certified question because the Sixth Circuit Court of Appeals failed to comply with Ohio's rules.).

We hold parties over whom we actually do have jurisdiction to meticulous compliance with our rules. I see no reason why we should accord parties over which we have no authority to a lesser standard of compliance. This alone is a sufficient reason for me to decline to answer the Ninth Circuit's certified question in this case.

Finally, I appreciate my dissenting colleague's concerns that federal courts should not misconstrue Michigan law or disrespect our state's judicial system.[1] However laudatory these prudential considerations may be, I do not believe they are a legitimate basis for exceeding our constitutionally limited "judicial power." As I have stated elsewhere, the limit on our judicial power precludes this Court from issuing nonbinding advisory opinions. *In re Certified Question, supra* at 1225. Hence, this Court has not "default[ed] on its responsibility" by adhering to the constitutional constraints imposed by the people of this state. Rather, we have honored our responsibility.

KELLY, J., would answer the certified question.

MARKMAN, J., dissents and states as follows:

For the reasons set forth in my statement in *In re Certified Questions,* 472 Mich 1225 (2005) -- in particular out of a sense of comity with the certifying court and in order to maintain the integrity of Michigan law -- I would hold hearings and promptly answer

---

[1] I note that this Court is obliged to construe federal law without the assistance of a certification process. That we lack such a vehicle in no way undermines our obligation to apply federal law faithfully in our cases. I see no basis for concluding that federal courts will be less dedicated to their task than we are to ours. Therefore, it is not apparent to me why our decision not to answer the certified question is detrimental and deleterious to our federal structure.

the certified question submitted by the Ninth Circuit Court of Appeals. By choosing not to do so, this Court defaults on its responsibility to exercise its judicial powers in support of Michigan's sovereignty within our Constitution's system of federalism.

Having already deterred the Sixth Circuit Court of Appeals from seeking the guidance of this Court concerning the meaning of Michigan law -- guidance routinely offered by nearly every other supreme court in the union -- it is apparently now this Court's determination to deter all other federal courts in a similar fashion.

The confusion of one of my colleagues is reflected in a concurring statement that seems to chastise the Ninth Circuit for its impositions upon this Court in certifying a question. Instead of recognizing that the Ninth Circuit has sought to accord respect to the complementary roles of the federal and state judiciaries within our constitutional system, and to defer to this state in its understanding of its own laws, the concurring Justice is troubled that the Ninth Circuit would seek "gratuitous advice" from this Court, rather than just plowing ahead with its own interpretation of Michigan law and ignoring the judicial process established by the people of this state for giving meaning to their laws.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 14, 2006

Clerk

d0411