**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0174n.06
Filed: March 4, 2009

No. 07-4354

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| EUGENE WRINN, JR., | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAREN JOHNSON, Ohio State | ) | |
| Highway Patrol (Lima); G.K. | ) | **ON APPEAL** FROM THE |
| MANLEY, Ohio State Highway Patrol | ) | UNITED STATES DISTRICT |
| (Lima); K.J. KOVERMAN, Ohio | ) | COURT FOR THE NORTHERN |
| State Highway Patrol (Lima), | ) | DISTRICT OF OHIO |
| | ) | |
| **Defendants-Appellees,** | ) | |
| | ) | **OPINION** |
| and | ) | |
| | ) | |
| CITY OF LIMA, Lima Municipal | ) | |
| Center et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

Before: **DAUGHTREY** and **MOORE**, Circuit Judges; **GRAHAM,**[*] District Judge.

**KAREN NELSON MOORE, Circuit Judge.** This case is before us for the second time,

following our certification to the Supreme Court of Ohio of the following question of Ohio law:

"Does OHIO REV. CODE ANN. § 2743.02(A)(1) require waiver of a party's federal causes of action

---

[*]The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

against state officers or employees when that party files suit in the Ohio Court of Claims based on the same act or omission?" *Wrinn v. Johnson*, No. 07-4354, slip op. at 11 (6th Cir. Nov. 12, 2008) (unpublished order). On January 28, 2009, the Supreme Court of Ohio dismissed the certified proceeding for lack of prosecution by Plaintiff-Appellant Eugene Wrinn, Jr. ("Wrinn"). In the absence of guidance from the state court, we proceed to apply this court's precedents in *Leaman v. Ohio Dep't of Mental Retardation & Development Disabilities*, 825 F.2d 946 (6th Cir. 1987) (en banc), *cert. denied*, 487 U.S. 1204 (1988), and *Thomson v. Harmony*, 65 F.3d 1314 (6th Cir. 1995), *cert. denied*, 517 U.S. 1105 (1996), which have answered the above question in the affirmative. Accordingly, we **AFFIRM** the district court's dismissal of all of Wrinn's claims against Defendants-Appellees, three officers of the Ohio State Highway Patrol (collectively, "the OSHP officers").

The background of this case is fully set forth in our order of certification, *see Wrinn*, No. 07-4354, slip op. at 3-6, and we restate the relevant factual and procedural background only briefly here. Wrinn filed this lawsuit in district court on September 11, 2006, naming three groups of defendants, including the OSHP officers, and asserting six claims under 42 U.S.C. § 1983 and two state-law claims. Wrinn then filed a separate action in the Ohio Court of Claims, naming the State of Ohio and two of the OSHP officers as defendants and asserting four claims under Ohio law arising from the same set of facts alleged in Wrinn's federal complaint. The Ohio Court of Claims subsequently dismissed the two OSHP officers from the case and substituted the Ohio State Highway Patrol ("OSHP") for the State of Ohio as the named defendant. That state suit was stayed pending resolution of this federal-court action.

On October 6, 2006, the OSHP (appearing as an interested party) filed a motion to dismiss the OSHP officers from the federal action under FED. R. CIV. P. 12(b)(6), arguing that Wrinn's

2

claims against the OSHP officers in federal court were barred under the waiver provision of OHIO REV. CODE ANN. § 2743.02(A)(1)[1], because Wrinn brought suit in the Court of Claims based on the same conduct. On August 13, 2007, the district court granted the OSHP's motion, dismissing both Wrinn's state and federal claims against the OSHP officers.[2] The district court found that it was bound by *Leaman v. Ohio Dep't of Mental Retardation & Development Disabilities*, 825 F.2d 946 (6th Cir. 1987) (en banc), *cert. denied*, 487 U.S. 1204 (1988), and subsequent decisions of this court holding that § 2743.02(A)(1) requires "a complete waiver of all claims, including federal claims, upon the filing of a similar complaint in the Ohio Court of Claims." Joint Appendix ("J.A.") at 31 (Mem. Op. at 6). On September 20, 2007, the district court granted Wrinn's motion to pursue an immediate appeal under FED. R. CIV. P. 54(b) and stayed further proceedings in the district court pending appeal. Wrinn timely appealed, and on January 22, 2008 filed a petition for initial hearing en banc, which was denied on April 11, 2008.

On appeal, Wrinn argued that the district court erred in ruling that our decision in *Leaman* controlled to bar Wrinn's claims in federal court against the OSHP officers under the waiver provision of OHIO REV. CODE ANN. § 2743.02(A)(1). In *Leaman*, we held that § 2743.02(A)(1)

---

[1]Section 2743.02(A)(1) provides in relevant part:
Except in the case of a civil action filed by the state, *filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee*, as defined in section 109.36 of the Revised Code. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.
OHIO REV. CODE ANN. § 2743.02(A)(1) (emphasis added).

[2]No claims were dismissed as to the remaining defendants—officers from the Allen County Sheriff's Department, Allen County, the Lima Police Department, and the City of Lima.

3

barred a plaintiff's federal, as well as state, causes of action against state officials when the plaintiff files suit against the state in the Court of Claims based on the same acts or omissions. Subsequently, the Supreme Court of Ohio decided *Conley v. Shearer*, 595 N.E.2d 862 (Ohio 1992), which suggested that § 2743.02(A)(1) might not apply to federal civil-rights claims. But in *Thomson v. Harmony*, 65 F.3d 1314 (6th Cir. 1995), *cert. denied*, 517 U.S. 1105 (1996), we held that *Conley* did not speak to the question of whether § 2743.02(A)(1) extends to federal claims and therefore *Leaman*'s holding was undisturbed.

On November 12, 2008, we issued an order *sua sponte* certifying to the Supreme Court of Ohio the question of whether OHIO REV. CODE ANN. § 2743.02(A)(1) requires the waiver of a party's federal causes of action against state officers when that party files suit in the Ohio Court of Claims based on the same act or omission. We noted that "the Supreme Court of Ohio has never directly ruled on the question of whether § 2743.02(A)(1) is applicable to federal claims" and therefore "[o]ur decisions in *Leaman* and *Thomson* remain speculation, or *Erie* guesses, about the meaning of § 2743.02(A)(1)." *Wrinn*, No. 07-4354, slip op. at 10. We also noted, however, that "[i]f we were to decide the case before us without certifying this question to the Ohio Supreme Court . . . we would be bound by *Leaman* and *Thomson* to hold that all of Wrinn's claims against the OSHP officers are barred by § 2743.02(A)(1)." *Id.*

Our order of certification was filed at the Supreme Court of Ohio on November 13, 2008. Rule XVIII of the Rules of Practice of the Supreme Court of Ohio requires that "[w]ithin 20 days after a certification order is filed with the Supreme Court, each party shall file a memorandum" addressing the certified question. R. of Prac. Sup. Ct. Ohio XVIII, § 6. The OSHP officers timely filed a memorandum before the twenty-day period expired on December 3, 2008. However, Wrinn's

attorneys failed to file the required memorandum by the filing deadline, and the OSHP officers moved the Supreme Court of Ohio to dismiss the certified proceeding for failure to prosecute. On January 28, 2009, the Supreme Court of Ohio granted the OSHP officers' motion to dismiss for want of prosecution by Wrinn. *Wrinn v. Johnson*, No. 2008-2209 (Ohio Jan. 28, 2009).

Because the Supreme Court of Ohio dismissed the certified proceeding for failure to prosecute, we now proceed to decide the merits of Wrinn's appeal.[3] As we stated in our order of certification, our decisions in *Leaman* and *Thomson* hold that "a plaintiff waives all claims he may have against state officers, including federal claims, when he brings suit in the Court of Claims based on the same acts or omissions." *Wrinn*, No. 07-4354, slip op. at 10; *see also Plinton v. County of Summit*, 540 F.3d 459, 463 (6th Cir. 2008) ("The Sixth Circuit has consistently applied *Leaman* to bar plaintiffs from bringing suit in federal court against a state employee after bringing suit against the state in the Court of Claims based on the same claim."). Because Wrinn brought suit against the State of Ohio in the Court of Claims, OHIO REV. CODE ANN. § 2743.02(A)(1) bars Wrinn's claims in federal court against the OSHP officers based on the same acts or omissions.

---

[3]After the Supreme Court of Ohio's dismissal of the certified proceeding, the parties filed additional briefs with this court. Wrinn filed a "Motion to Reinstate Appeal on Docket," which is incorrectly captioned and unnecessary because the case was not finally disposed of by this court and remained on our docket pending disposition of the certified proceeding in the Supreme Court of Ohio. The OSHP officers filed a "Motion to Dismiss for Failure to Prosecute," asking us to dismiss Wrinn's appeal and citing dicta from our decision in *Diamond Club v. Insurance Co. of North America*, 984 F.2d 746, 747 (6th Cir. 1993), where we cautioned that "failure to comply with state rules on certification matters . . . may lead not only to dismissal in state court, but to dismissal in this court as well." Although we find the lack of diligence by Wrinn's attorneys extremely troubling, we decline to impose the severe sanction of dismissal and instead decide Wrinn's appeal on the merits.

5

**CONCLUSION**

For the foregoing reasons, we **AFFIRM** the district court's judgment dismissing all of Wrinn's claims against the OSHP officers.